IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY M. O'MALLEY** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. POTTER** | : | **NO. 05-986** |

**MEMORANDUM AND ORDER**

**Norma L. Shapiro, S.J.**                                                    **August 18, 2006**

      Plaintiff Mary O'Malley ("O'Malley") brought this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. Defendant John E. Potter is the Postmaster General. On June 22, 2006, a jury returned a verdict for the defendant. Presently before the court is O'Malley's motion for a new trial under Federal Rule of Civil Procedure 59. The motion will be denied because O'Malley cannot show that the court committed trial errors that led to an outcome inconsistent with substantial justice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**[1]

      O'Malley is a former employee of the United States Postal Service ("Postal Service").

---

[1] Unless otherwise noted, this section is based on the factual stipulations made by the parties at trial and on documentary evidence presented in conjunction with the Postal Service's Motion for Summary Judgment. See Mem. & Order of 9/22/2005.

She started working for the Postal Service in 1993. In June 1996, she was placed in non-duty status. In February 1997, following a period of unexplained absences from work and a failure to submit a clearance to return to work from an independent psychiatrist, the Postal Service issued O'Malley a Notice of Removal. O'Malley promptly filed an EEO complaint claiming discrimination on the basis of disability; the EEOC dismissed the complaint. O'Malley then initiated a grievance through the Mailhandlers Union ("Union") under the grievance procedure negotiated in the collective bargaining agreement. The grievance was resolved in December, 1999, by a pre-arbitration settlement agreement under which O'Malley would be returned to her position if, within 90 days, she provided independent medical evidence, including a psychiatric report, that she could return to work.

O'Malley was examined by an independent psychiatrist in September 2000. In December of that year, the Postal Service's Acting Associate Area Medical Director reviewed the psychiatric report submitted by O'Malley and cleared her for duty. Nonetheless, the Postal Service did not return O'Malley to work. Instead, on February 15, 2001, O'Malley was scheduled for a second psychiatric examination. O'Malley contested the request and refused to comply.[2]

On September 10, 2001, the Postal Service issued O'Malley a second Notice of Removal stating it was terminating her for failure tocomply with the terms of the pre-arbitration settlement agreement by not submitting to the second psychiatric exam. The removal became effective on October 20, 2001. O'Malley did not immediately initiate an EEO proceeding, but the Union filed another grievance on her behalf.

---

[2] Conflicting testimony was presented at trial about the reasons for the request, including an allegation that O'Malley had behaved aggressively at a required physical examination.

Under the terms of the agreement between the Postal Service and the American Postal Workers Union, an employee may not be removed from the employment rolls of the Postal Service so long as a union grievance is pending, so O'Malley was not immediately removed from the rolls.

Over a year later, on November 26, 2002, O'Malley sought EEO pre-complaint counseling regarding the Postal Service's failure to return her to work. On November 29, 2002, the Mailhandlers Union withdrew its pending grievance "for Failure to Comply With Arbitration Settlement Agreement." On December 3, 2002, the Postal Service wrote to O'Malley's counsel that as a result of the termination of the Union's grievance, O'Malley had been removed from the Postal Service's employment rolls. O'Malley then filed a formal EEOC complaint, in which she charged the Postal Service with failing to return her to work after she was cleared for duty and removing her from the rolls three days after her request for pre-complaint counseling. The EEOC dismissed O'Malley's claims as untimely and O'Malley then brought this action. She alleged: (1) the Postal Service discriminated against her on the basis of perceived disability and retaliated against her for prior EEO activity when it did not return her to work in December, 2000 (the "First Claim"); and (2) it retaliated against her when it removed her from its employment rolls a few days after she sought EEO pre-complaint counseling at the end of 2002 (the "Second Claim").

O'Malley's First Claim was dismissed on summary judgment because O'Malley had failed timely to exhaust administrative remedies. See Mem. & Order of 9/22/2005. The remaining issue--whether the Postal Service had subjected O'Malley to retaliation by removing her from its employee rolls--evolved during the course of the litigation into the allegation that the Postal Service had wrongfully induced the Union to withdraw its grievance on O'Malley's behalf, which

3

in turn allowed the Postal Service to remove O'Malley from the rolls.  The Second Claim was tried to a jury, which returned a verdict for the Postal Service.

O'Malley now moves for a new trial.

**II. DISCUSSION**

Federal Rule of Civil Procedure 59 permits a court to grant a new trial in an action in which there has been a trial by jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  Federal Rule of Civil Procedure 61 clarifies that a new trial is appropriate only when necessary to correct injustice:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice.  The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

O'Malley argues she is entitled to a new trial because the court erroneously: (1) "restricted evidence of plaintiff's disability and events concerning plaintiff's disability which predated November 29, 2002"; and (2) did not allow O'Malley to present a claim of disability discrimination as well as retaliation.  Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for a New Trial at 2-3.[3]

---

[3] Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for a New Trial at 3.  O'Malley initially filed a one-page Motion for a New Trial and a Verified Motion Showing Good Cause To Be Excused from Ordering a Trial Transcript.  Defendant filed a response to the motion; the court ordered selected sections of the transcript.  O'Malley then filed a memorandum in support of her motion.

### a. Ruling on Defendant's Motion in Limine

A motion for a new trial under Rule 59 should be granted where substantial errors occurred in admission or rejection of evidence. Becker v. ARCO Chem. Co., 207 F.3d 176, 180 (3d Cir. 2000). O'Malley argues the court erred in excluding "any documentary evidence or verbal testimony regarding the Postal Service's decision to terminate plaintiff's employment in October, 2001." Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for New Trial at 2. O'Malley's claim regarding her initial termination was dismissed as untimely on summary judgment. See Mem. & Order of 9/22/2005. The parties stipulated to the basic facts leading up to the termination, including the Postal Service's failure to return O'Malley to work although she had undergone a psychiatric examination and its insistence that she submit to a second one. These facts were read to the jury, so evidence of events predating O'Malley's removal from the rolls in late 2002, arguably related to her retaliation claims, was not restricted.[4] O'Malley was not barred from presenting evidence of the context in which her claim arose; she was barred from presenting duplicative evidence in a particular form. There was no error, and certainly no prejudicial error, in the court's ruling.

### b. Limitation of Plaintiff's Case to Retaliation

---

[4] The following stipulations, among others, were read to the jury as part of the charge:
> Ms. O'Malley was examined by an independent psychiatrist in September 2000. In December of that year, the psychiatric report produced by Ms. O'Malley was reviewed by Dr. Evangelista, the acting associate area medical director for the Postal Service, who cleared Ms. O'Malley for duty. The Postal Service did not return Ms. O'Malley to work.
> On February 15, 2001, Ms. O'Malley was scheduled for a second examination to take place on February 16, 2001. On September . . . 10 [,] 2001, the Postal Service issued Ms. O'Malley a second notice of removal stating that it was terminating her because she had failed to comply with the terms of the pre-arbitration settlement agreement by not complying to a psychiatric exam.

Partial Tr. of Trial, 6/21/2006, 49:9-21.

On the first day of trial, prior to jury selection, O'Malley's counsel informed the court that he intended to present the case as one of disability discrimination as well as retaliation, i.e., to argue to the jury that the Postal Service had induced the Union to withdraw its grievance not only in reprisal for O'Malley's EEO activity, but also because it perceived O'Malley as mentally disabled. Tr. of Excerpts of Trial, 6/19/2006 (starting at 2:11 pm), 5:17-24.  O'Malley's counsel argued "one can always add a basis, as long as the underlying or the underpinning allegation of discrimination is not changed." Id. 24:6-9.  The court ruled the discrimination claim could not be presented to the jury because it was barred by the statute of limitations (since it had not been timely raised before the EEOC) and because it was raised too late in the litigation, since the first mention of it was in O'Malley's points for charge (served on defense counsel on Saturday, 6/17/2006, for a trial starting on 6/19/006).  Id.  25:6-17; Pl.'s Proposed Jury Instructions.[5] O'Malley requests a new trial because of this ruling.[6]

This decision was not erroneous.  First, O'Malley had not exhausted her administrative remedies with respect to this claim; second, even if she had, it would have been unfairly prejudicial to the Postal Service to allow her to pursue on the eve of trial a new claim not raised in the final pre-trial memorandum.

---

[5] During argument, O'Malley's counsel referred to his "findings of fact," possibly intending to argue that he had made the discrimination claim in his pretrial memorandum. Id. 5:17-24.  The only mention of discrimination with respect to the 2002 events in plaintiff's pretrial memorandum is the following sentence: "Plaintiff, Mary M. O'Malley, a former employee of the U.S. Postal Service, has alleged that <u>she was discriminated against in reprisal for her prior exercising of her rights under the EEO laws</u> when she was officially removed from the rolls of the U.S. Postal Service . . . on December 4, 2004." Pl.'s Pretrial Mem. at 1 (emphasis added).  This language does not provide notice that O'Malley intended to pursue a separate discrimination theory.

[6] The court instructed the jury as to retaliation only.  Plaintiff did not object to the jury charge after it was given. Tr. of Excerpts of Trial, 6/22/2006 (starting 10:07 a.m.) 2:3-11.

6

i.      **Exhaustion**

A plaintiff bringing an action under Title VII or the Rehabilitation Act must first exhaust available administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997); Spence v. Straw, 54 F.3d 196, 201 (3d Cir. 1995). Timely exhaustion of remedies "requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times." Robinson, 107 F.3d at 1021.

O'Malley first raised her allegations with respect to her removal from the employment rolls of the Postal Service in a request for Pre-Complaint Counseling dated December 27, 2002. O'Malley claimed "the Postal Service . . . removed [her] from the rolls on November 29, 2002, based [on] reprisal for [her] prior EEO activity." Def's Ex. 1, O'Malley Decl. in Supp. of Pl.'s Resp. to Mot. to Dismiss, June 29, 2005 ["O'Malley Decl."], Ex. K) (emphasis added). O'Malley's Formal Discrimination Complaint to the EEOC, also dated December 27, 2002 ("EEOC Complaint"), alleged discriminatory and retaliatory termination in 2000, although it also contained the following sentence: "In fact, on November 29, 2002, three days after I sought precomplaint counseling, I was removed from the rolls of the Postal Service." O'Malley Decl., Ex. J.[7]

On March 23, 2004, after the EEOC dismissed O'Malley's complaint as untimely, O'Malley attempted to amend her EEOC Complaint to add an allegation of "reprisal discrimination" for the 2002 removal from the employment rolls, but this amendment was not allowed. O'Malley Decl., Ex. Q. See also Pl.'s Compl.¶ 15 (referring to the attempted amendment as adding a "reprisal allegation").

---

[7] With respect to EEOC procedure, the EEOC Complaint followed the Request for Pre-Complaint Counseling made on November 26, 2006, which raised the First Claim.

The allegation about the removal from the rolls in the EEOC Complaint is, on its face, a claim of retaliation; the EEOC Complaint clearly does not raise this issue as a separate instance of discrimination.[8]  The scope of this action, however, is defined not by the precise language of the EEOC Complaint but "by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge . . . ."  Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976).  It cannot be reasonably expected that an EEOC investigation into an untimely complaint of retaliation and discrimination in 2000, which adds a sentence about potentially retaliatory acts in 2002, could cover an allegation that the 2002 acts are discriminatory.  O'Malley did not exhaust administrative remedies as to a discrimination claim for her removal from the rolls in 2002.

      ii.      **Untimeliness**

Even if O'Malley had timely exhausted administrative remedies on her allegation that the Postal Service discriminated against her by inducing the Union to withdraw its grievance on her behalf, this claim was asserted for the first time in this litigation in plaintiff's points for charge served on a Saturday two days before trial, after discovery had been completed, final pretrial memoranda had been filed, and exhibits and witnesses had been named.  It would have been prejudicial to the defendant to allow O'Malley to proceed with a new contention at that point.  See Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989) ("[A] trial judge possesses the discretion to prohibit parties from raising matters they have failed to advance during the pretrial proceedings.")  It was not erroneous to limit O'Malley's claim to retaliation.

---

[8] Indeed, the EEOC Complaint does not clearly raise this issue separately at all; the record suggests the EEOC took no notice of it.  Nonetheless, this court deemed O'Malley's claim of retaliation with respect to the 2002 events to have been exhausted before the EEOC on the basis of its cursory mention in the EEOC Complaint.

**III.  CONCLUSION**

O'Malley's motion for a new trial will be denied because she cannot show that errors in the court's evidentiary rulings or limitations on her argument led to an outcome inconsistent with substantial justice.    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY M. O'MALLEY** | : | **CIVIL ACTION** |
| **v.** | : | |
| **JOHN E. POTTER** | : | **NO. 05-986** |

### ORDER

AND NOW, this 18th day of August, 2006, upon consideration of Plaintiff's Verified Motion Showing Good Cause To Be Excused from Ordering a Trial Transcript, Plaintiff's Motion for a New Trial and Defendant's Response thereto, it is **ORDERED** that:

1. Plaintiff's Motion for a New Trial (Paper # 53) is **DENIED**.

2. Plaintiff's Verified Motion Showing Good Cause To Be Excused from Ordering a Trial Transcript (Paper # 54) is **GRANTED.**

                    /s/ Norma L. Shapiro
                            S.J.